# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| EDMUND ZAGORSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:18-cv-01205 |
| ) | |
| BILL HASLAM, et al., ) | JUDGE TRAUGER |
| ) | |
| Defendants ) | |

## MEMORANDUM AND ORDER

The plaintiff, whose execution is scheduled for November 1, 2018, has filed yet another Complaint alleging violations of his civil rights pursuant to 28 U.S.C § 1983, along with Motion to Proceed In Forma Pauperis, which the court has granted. (Doc. Nos. 1–3.)

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to conduct an initial review of any complaint filed *in forma pauperis*, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

The plaintiff seeks, among other things, an injunction preventing the defendants from executing him with either the three-drug lethal injection protocol or the electric chair. (Doc. No. 1 at 31.) He alleges three causes of action: Count I, that the defendants violated his rights under the Eighth and Fourteenth Amendments by forcing him to choose between two "constitutionally

unacceptable forms of execution"; Count II, that execution in Tennessee's electric chair would violate the Eighth Amendment; and Count III, that the defendants' limiting the plaintiff to a single attorney witness to his execution—without access to a telephone—violates his constitutional rights.

The plaintiff acknowledges that the Davidson County Chancery Court held only three months ago that Tennessee's current three-drug lethal injection protocol is constitutional and that the Tennessee Supreme Court affirmed that ruling earlier this month. (Doc. No. 1 at 11, 13.) Accordingly, the plaintiff is estopped from relitigating the constitutionality of that protocol in this court.[1] *See Wildasin v. Mathes*, 176 F. Supp. 3d 737, 745 (M.D. Tenn. 2016) ("Under Tennessee law, collateral estoppel 'bars the same parties or their privies from relitigating in a later proceeding legal or factual issues that were actually raised and necessarily determined in an earlier proceeding.'" (quoting *Mullins v. State*, 294 S.W.3d 529, 534 (Tenn. 2009)). The plaintiff's Count I therefore fails on the face of the Complaint and is **DISMISSED**.

Additionally, United States Supreme Court precedent plainly establishes that an inmate who elects a particular method of execution waives his right to challenge the constitutionality of that method. *Stewart v. LaGrand*, 526 U.S. 115, 119 (1999). In 1999, Walter LaGrand elected to be executed in Arizona with lethal gas rather than lethal injection, despite the fact that the United States Court of Appeals for the Ninth Circuit had found execution by lethal gas to be unconstitutional. *Id.* at 117, 119. LaGrand then attempted to challenge the constitutionality of his chosen method of execution, and the Supreme Court denied him relief:

---

[1] The Supreme Court has indicated that a court may raise a res judicata defense *sua sponte* in "special circumstances." *Arizona v. California*, 530 U.S. 392, 412 (2000). This court finds that the special urgency in this case, which prevents full briefing by the parties before the execution scheduled in six days, constitutes a special circumstance that warrants its *sua sponte* application of collateral estoppel.

- 2 -

> Walter LaGrand, by his actions, has waived his claim that execution by lethal gas is unconstitutional. At the time Walter LaGrand was sentenced to death, lethal gas was the only method of execution available in Arizona, but the State now provides inmates a choice of execution by lethal gas or lethal injection, see Ariz. Rev. Stat. Ann. § 13-704(B) (Supp. 1998) (creating a default rule of execution by lethal injection). Walter LaGrand was afforded this choice and decided to be executed by lethal gas. On March 1, 1999, Governor Hull of Arizona offered Walter LaGrand an opportunity to rescind this decision and select lethal injection as his method of execution. Walter LaGrand, again, insisted that he desired to be executed by lethal gas. ***By declaring his method of execution, picking lethal gas over the State's default form of execution-lethal injection-Walter LaGrand has waived any objection he might have to it.*** *See, e.g., Johnson v. Zerbst*, 304 U.S. 458, 464 (1938).

*LaGrand*, 526 U.S. at 119. The plaintiff in this case has likewise waived any constitutional challenge to execution by electrocution by not only informing state officials of his election but filing suit in this court to enforce his statutory right to die in the electric chair. *See* Complaint, *Zagorski v. Haslam*, No. 3:18-1035 (M.D. Tenn. Oct. 10, 2018). In that suit, the plaintiff repeatedly asserted that "it is his sincere preference to die by the electric chair" and affirmatively alleged that he "trusts that the prison staff can competently flip the switch to turn on the electrical current," that the chair has been tested this year and is "operational," that "[p]rison personnel have been trained in how to conduct an execution using this electric chair, as recently as July 5, 2018," and that "Tennessee is capable of killing Mr. Zagorski in this electric chair." *Id.* at 11. Regardless of any effort to reserve his rights in the manner in which he notified the defendants of his election, the plaintiff has most clearly waived any constitutional objection to electrocution. Accordingly, Count II of his Complaint is also **DISMISSED.**

Count III of the Complaint remains pending. The time constraints present in this case obviously do not allow for the defendants to file a formal answer to the plaintiff's Complaint before the scheduled execution. However, in light of the urgency of this matter and the importance of the case, the court hereby **ORDERS** that the defendants file, by 12:00 p.m. Monday, October 29, a statement of their position with respect to Count III, including whether or

the extent to which the current execution plan comports with this court's previous opinions about a condemned inmate's right to access to counsel and the courts during an execution in *Coe v. Bell*, 89 F. Supp. 2d 962, 967 (M.D. Tenn.), *vacated on other grounds*, 230 F.3d 1357 (6th Cir. 2000) (ordering that condemned inmate's "counsel must have access to a telephone with an unimpeded outside line at the time that he or she witnesses the execution").

It is so **ORDERED**.

                                              Aleta A. Trauger
                                              United States District Judge