IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **EDMOND ZAGORSKI,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:18-cv-01205 |
| ) | JUDGE TRAUGER |
| **BILL HASLAM, in his official capacity** ) | |
| **as GOVERNOR;** ) | DEATH PENALTY CASE |
| ) | |
| **TONY PARKER, in his official capacity** ) | |
| **as COMMISSIONER; and,** ) | |
| ) | |
| **TONY MAYS, in his official capacity** ) | |
| **as WARDEN, Riverbend Maximum** ) | |
| **Security Prison,** ) | |
| ) | |
|     **Defendants.** ) | |

---

### DEFENDANTS' STATEMENT REGARDING COUNT III
---

After successfully filing suit against the State of Tennessee to enforce his statutory right to choose electrocution as the means of his execution,[1] the Plaintiff initiated this matter—six days before his scheduled execution—challenging that same choice as unconstitutionally coerced (Count I), his "electrocution in Tennessee's electric chair" as cruel and unusual punishment (Count II), and the constitutionality of Tenn. Code Ann. § 40-23-116 on grounds that it violates his right to access to the courts by "limiting him to a single attorney witness" and denying counsel "access to a telephone during the execution" (Count III). Doc. No. 1, 29-31. In an order filed that same

---

[1] *Zagorski v. Haslam, et al.*, No. 3:18-cv-01035 (M.D. Tenn., Order, October 11, 2018) (preliminarily enjoining Defendants from proceeding with Plaintiff's execution by lethal injection).

day, the Court dismissed Counts I and II and directed the Defendants to file a statement of their position on Count III by noon on October 29, 2018. Doc. No. 8.

Pursuant to that Order, Defendants state that Count III of the Complaint should be dismissed because (1) it is barred by the doctrine of collateral estoppel, (2) it is barred by the statute of limitations, and (3) it is without merit. Moreover, Plaintiff's obvious manipulation of the United States Courts through successive, inconsistent complaints, filed just days before his scheduled execution, should not be condoned through the granting of equitable relief.

### A. Plaintiff's Access-to-the-Courts Claim Is Barred by Collateral Estoppel.

Plaintiff is collaterally estopped from relitigating his access-to-the-courts claim because he raised and litigated the identical claim in the Davidson County Chancery Court. Collateral estoppel prevents re-litigation of a fact or issue that was fully considered and decided in an earlier proceeding. *Wildasin v. Mathes*, 176 F.Supp. 3d 737, 745 (M.D. Tenn. 2016) (citing *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 (6th Cir. 1982)). "Under Tennessee law, collateral estoppel 'bars the same parties or their privies from relitigating in a later proceeding legal or factual issues that were actually raised and necessarily determined in an earlier proceeding.'" *Wildasin*, 176 F.Supp. 3d at 745 (quoting *Mullins v. State*, 294 S.W.3d 529, 534 (Tenn. 2009)).

This Court has already recognized that Plaintiff litigated the constitutionality of Tennessee's three-drug lethal injection protocol just three months ago. In that same proceeding, he also litigated his access-to-the-courts claim. The state court dismissed Plaintiff's claim after finding that he had failed to demonstrate a cognizable injury in fact: "In this case, the access to courts claim fails as a matter of law because it is premised and based on speculation that during the execution something will go wrong that would necessitate the need for access to courts. . . . Additionally, the [access-to-the-courts claim] is dependent upon the Inmates' succeeding on their

2

[method-of-execution constitutional challenge] which they did not do." *See Abdur'Rahman, et al. v. Parker, et al.*, No. 18-183-II(III) (Order, at 41-47). Attachment 1.

The Tennessee Supreme Court affirmed the judgment of the Davidson County Chancery Court. *Abdur'Rahman, et al. v. Parker, et al.*, __ S.W.3d __, 2018 WL 4858002, *14 (Tenn. Oct. 8, 2018). The Court concluded that, because Plaintiff failed to demonstrate that Tennessee's three-drug lethal injection protocol violated the Eighth Amendment, his access-to-the-court claim also lacked merit. *See Abdur'Rahman*, 2018 WL 4858002, *14 n.23 ("Because the Plaintiffs failed to satisfy the *Glossip* standard's availability requirement, these other constitutional claims also must fail.").

On October 9, 2018, Plaintiff filed a petition for writ of certiorari in the United States Supreme Court seeking review of the Tennessee Supreme Court's decision and a stay of execution pending that review. Among the questions presented, Plaintiff challenged the state courts' disposition of his access-to-the-courts claim:

> 5. Where the State deprives an inmate's attorney of telephone access during an execution for the express purpose of preventing the attorney from calling the court, does the State violate the inmate's constitutional right of access to the courts?

*Zagorski v. Parker*, et al., No. 18-6238 (U.S.) (Petition for Writ of Certiorari). Attachment 2.

The United States Supreme Court denied certiorari and denied a stay of execution. *Abdur'Rahman, et al. v. Parker, et al.*, __ S.W.3d __, 2018 WL 4858002 (Tenn.), *cert. denied sub nom., Zagorski, et al. v. Parker, et al.*, __ S.Ct. __, 2018 WL 4900813 (Oct. 11, 2018).

In short, Plaintiff's Count III was raised, litigated, and decided on the merits in an earlier proceeding. That ruling became final when the United States Supreme Court denied certiorari. Count III should be dismissed.

### B. Plaintiff's Access-to-the-Courts Claim Is Time-Barred.

Plaintiff's Count III is also time-barred. Section 1983 claims are best characterized as tort actions for personal injury, and federal courts must borrow the statute of limitations governing personal injury actions from the state where the § 1983 action was brought. *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985)). Tennessee has a one-year statute of limitations for civil actions brought under federal civil rights statutes. Tenn. Code Ann. § 28-3-104.

A federal civil rights claim accrues when a plaintiff knows or has reason to know of the injury that is the basis of the plaintiff's action. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). Plaintiff filed this action on October 26, 2018. *See also Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (*per curiam*) (concluding that the statute of limitations for an access-to-courts claim begins to run "only when the plaintiffs knew or should have known that they have suffered injury to their right of access and who caused it"). Thus, if Plaintiff's claim accrued before October 26, 2017, which it did, it is barred by the statute of limitations.

Plaintiff argues that Tenn. Code Ann. § 40-23-116 unconstitutionally limits his access to the courts by limiting him to a single attorney witness and by failing to permit counsel to have access to a telephone during his execution. Doc. No. 1, 31. That statute regulates the persons who may attend an execution in Tennessee and specifically designates "[t]he only witnesses entitled to be present at the carrying out of [a] death sentence." Tennessee law makes it a crime to allow or permit any person other than those specifically authorized by statute "to be present at the carrying out of the death sentence." Tenn. Code Ann. § 40-23-116(b). The statute makes no provision for any witness to communicate with individuals outside the prison by telephone during the carrying out of a death sentence.

4

Plaintiff's conviction and death sentence became final in 1986 when the United States Supreme Court denied certiorari in the direct appeal affirming his criminal judgment. *State v. Zagorski*, 701 S.W.2d 808 (Tenn. 1985), *cert. denied*, 478 U.S. 1010 (1986). On May 10, 2000, the Tennessee General Assembly amended the statute to include "[o]ne (1) counsel witness chosen by the condemned person" among those persons authorized to be present during an execution. Tenn. Code Ann. § 40-23-116(a)(8). 2000 Tenn. Pub. Acts 744. On September 25, 2000, the Sixth Circuit vacated as moot this Court's order requiring the State of Tennessee to allow counsel for condemned inmate Robert Coe "access to a telephone with an unimpeded outside line at the time that he or she witnesses the execution." *Coe v. Bell*, 89 F.Supp. 2d 962, 967 (M.D. Tenn.) (vacated as moot by *Coe v. Bell*, 230 F.3d 1357 (6th Cir. 2000)). Thus, Plaintiff knew or should have known that he was limited to a single attorney witness with no direct telephone access outside the prison more than eighteen years ago.[2]

Plaintiff completed the standard three-tier appeals process in 2010, when the United States Supreme Court denied certiorari from the denial of federal habeas corpus relief. *Zagorski v. Bell*, 326 Fed. Appx. 336 (6th Cir. 2009), *cert. denied*, 559 U.S. 1068 (2010). By order filed September 7, 2010, the Tennessee Supreme Court set an execution date of January 11, 2011. *State v. Zagorski*,

---

[2] The Tennessee General Assembly amended Tenn. Code Ann. § 40-23-116 after this Court ordered the State to allow Robert Coe's counsel to "witness the execution, from either the witness room or a room with closed circuit live television transmission." *Coe,* 89 F. Supp. 2d at 967. The statute is thus comports with this Court's previous opinion concerning a condemned inmate's right to access to counsel during an execution. Tenn. Code Ann. § 40-23-116(a)(8). The State's current execution plan does not permit counsel to have a telephone with an unimpeded outside line during the execution. This Court's order granting that injunctive relief to inmate Coe—entered under the "hydraulic pressure" of last-minute death penalty filings, *see Evans v. Bennett*, 440 U.S. 1301, 1307 (1979) (Rehnquist, Circuit Justice)— was ultimately vacated by the Sixth Circuit as moot due to Coe's execution. *Coe*, 230 F.3d at 1357. Moreover, the Court's order requiring telephone access during the execution has not withstood more recent scrutiny in other cases decided since that time in the United States Courts of Appeal. *See, e.g., Arthur*, 680 Fed. Appx. at 911 (condemned inmate failed to allege a sufficiently imminent Eighth Amendment injury to support his access-to-the-courts claim); *Grayson v. Warden*, 672 Fed. Appx. 956, 966-67 (11th Cir. 2016).

5

No. M1996-00110-SC-DPE-DD (Tenn. Sept. 7, 2010). Plaintiff knew then that he was limited to a single attorney witness with no direct outside telephone access.

Tennessee Code Ann. § 39-16-201 makes it unlawful to take into any penal institution where prisoners are quartered or under custodial supervision "any telecommunication device," including cellular or digital phones. The Tennessee General Assembly amended that statute most recently in 2012. Since at least October 2001, Tennessee Department of Correction Policy and Procedure # 507.01 has defined "contraband" as "[a]ny item that is not permitted by law." Attachment 3.

On October 10, 2018, Plaintiff filed a Complaint and Emergency Motion for Temporary Restraining Order and Preliminary Injunction asking the Court to direct the State to execute him "in accordance with its newest electrocution protocol" and to enjoin the State from carrying out his execution by lethal injection. *Zagorski v. Haslam*, No. 3:18-1035 (M.D. Tenn. Oct. 10, 2018) (Complaint, Doc. No. 1, at 2, 17; Emergency Motion, Doc. No. 3). Plaintiff pled that "it is his sincere preference to die by the electric chair." *Id.*, Doc. No. 1, at 10-11. Tennessee's "newest electrocution protocol" was last revised on March 13, 2017. It contains no provision allowing more than a single attorney witness and it makes no provision for direct outside telephone access for the defense counsel witness during an execution.

Thus, Plaintiff's § 1983 cause of action regarding the constitutionality of the prohibition on the number of attorney witnesses and telephone access during his execution accrued well before October 26, 2017. It accrued at the earliest in May 2000 and at the latest in March 2017. *See also Arthur v. Commissioner, Ala. Dept of Corr.*, 680 Fed. Appx. 894 (11th Cir. 2017) (concluding that inmate's cell-phone-viewing-room claim was time-barred).

6

In any event, coming as it does more than one year after accrual of any cause of action, Plaintiff's constitutional challenge to the statute is time-barred and should be dismissed.

### C. Plaintiff's Access-to-the-Courts Claim Is Meritless.

The right of access to the courts is a component of the First Amendment right to petition the government for redress of grievances. *See Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 741 (1983). To make out a viable claim for denial of access to the courts, Plaintiff must show an actual injury or imminent injury that he is seeking to redress. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (explaining, by way of comparison, that a healthy inmate cannot claim a constitutional violation because of the inadequacy of the prison infirmary). And the injury, whether actual or imminent, must be concrete and particularized to the Plaintiff, not just hypothetical or speculative. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (one of the "irreducible constitutional" requirements for standing is that "the plaintiff must have suffered an 'injury in fact'" that is "concrete and particularized" and that is "actual or imminent," not "conjectural or hypothetical").

Thus, to succeed on his claim, Plaintiff must show that he will be prevented from bringing a viable Eighth Amendment claim—a viable claim of an underlying violation of a fundamental right separate from any right of access to the courts. *See Lewis*, 518 U.S. at 351. But the lack of a phone is not itself such an injury. Just as an inmate "cannot establish relevant actual injury simply by establishing that his prison's law library . . . is subpar in some theoretical sense" without also "demonstrating that the alleged shortcomings in the library . . . hindered his efforts to pursue a legal claim," id., so too must the Plaintiff here demonstrate that there is a concrete, non-speculative, actual or imminent injury that lack of a phone will prevent him from pursuing.

7

Plaintiff has neither pled, nor can he prove that type of injury. As this Court has recognized, Plaintiff has waived his right to challenge the constitutionality of electrocution by choosing it as his method of execution. *See Stewart v. LaGrand*, 526 U.S. 115, 119 (1999). Doc. No. 8, 2. Second, Plaintiff's allegations about the inadequate design or potential malfunction of Tennessee's electric chair are purely speculative and hypothetical. *See* Doc. No. 1, Complaint, p. 3 ("should anything go wrong" with Plaintiff's execution; "in the event of a 'botched' execution"); p. 14 ("Tennessee's inability to operate their own electric chair causes him concern").[3] Moreover, not one of Plaintiff's "[f]acts concerning Defendants' denial of access to courts and counsel during executions," Doc. No. 1, at 27, state the requisite harm under *Lewis*, buy rely instead on more speculation. *See* Doc. No. 1, at 28, ¶ 100 ("[s]hould Mr. Zagorski be executed in the electric chair, and should the chair fail to render him unconscious . . . his single attorney will not be able to meaningfully seek judicial intervention . . . ."). And Count III itself asserts only speculative, non-specific, and non-particularized harm: "should the need arise . . . Plaintiff will be denied access to the courts." Doc. No. 1, at 31.

Beyond Plaintiff's obvious pleading deficiency, his latest allegations completely contradict his allegations in *Zagorski v. Haslam*, No. 3:18-1035 (M.D. Tenn.), in which he insisted that he "trusts that the prison staff can competently flip the switch to turn on the electrical current," that the chair has been tested and is "operational," and that "Tennessee is capital of killing Mr. Zagorski in this electric chair." *See* Doc. No. 8, at 3.

---

[3] This allegation of "concern" has no foundation in fact. Plaintiff alleges no facts showing that Tennessee has an "inability to operate" its electric chair. In other words, the Complaint does not, as it must to survive dismissal, "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rather, Plaintiff offers only conclusory allegations that fail to rise "above the speculative level," which makes them insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 555.

8

In *Whitaker v. Collier*, the Fifth Circuit held that "the possibility of 'botched executions' that access to counsel could address . . . is just the kind of 'isolated mishap' that is not cognizable via a method-of-execution claim." 862 F.3d 490, 501 (5th Cir. 2017), *cert. denied,* 138 S.Ct. 1172 (2018) (citing *Baze v. Rees*, 553 U.S. 35, 50 (2008)). Moreover, the Sixth Amendment right to counsel only extends to the first appeal of right and not further. *Id.* (quoting *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). Thus, without succeeding on an underlying claim, there could be no denial of the right to counsel on a speculative method-of-execution claim. *Id. See also Whitaker*, 862 F.3d at 501 ("[B]ecause the plaintiffs have not succeeded in pleading an underlying claim, their access-to-the-courts assertion fails as well"); *Whitaker v. Livingston*, 732 F.3d 465, 467 (5th Cir), *cert. denied sub nom. Yowell v. Livingston*, 571 U.S. 948 (2013) ("One is not entitled to access to the courts merely to argue that there might be some remote possibility of some constitutional violation."); *Arthur v. Dunn*, 2017 WL 2017 1362861, at *7 (M.D. Ala. Apr. 12, 2017), *aff'd sub nom. Arthur v. Comm'r, Alabama Dept of Corr.*, 680 Fed. Appx 894 (11th Cir. 2017), *cert. denied sub nom., Arthur v. Dunn*, 137 S.Ct. 1521 (2017) ("Arthur's request for his counsel to take a cellular device into a prison while an execution is taking place is based on speculation that something might go wrong during the procedure. This theoretical basis for relief falls outside of the injury requirement in *Lewis* [*v. Casey,* 518 U.S. 343, 351 (1996)]."); *Grayson v. Warden*, 672 Fed. Appx. 956, 966-67 (11th Cir. 2016) (inmate's request for access to a cell phone or landline is based on the possibility that something might go wrong during his execution, which does not qualify as an "actual injury").

**D. Plaintiff's Unreasonable Delay in Bringing his Claim Precludes Injunctive Relief.**

Plaintiff's § 1983 complaint seeks injunctive relief. But a stay of execution is an equitable remedy, and equity must be sensitive to the State's strong interest in enforcing its

9

criminal judgments without undue interference from the federal courts. *Hill v. McDonough*, 547 U.S. 573, 584 (2006) (collecting cases in which federal courts have invoked their equitable powers to dismiss suits viewed as speculative or filed too late). "A court may consider the last-minute nature of an application to stay execution in deciding whether to grant equitable relief." *Gomez v. U.S. Dist. Court of Northern Dist. of California*, 503 U.S. 653, 654 (1992). "[T]here is a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." *Nelson v. Campbell*, 541 U.S. 637, 650 (2004).

Litigation challenging Plaintiff's conviction and the State's method of execution have spanned nearly three decades. The State of Tennessee has set Plaintiff's execution numerous times. More importantly, the underlying factual predicate of Plaintiff's access-to-the-courts claim has been in place for many years before the instant suit. Equity does not favor the Plaintiff's eleventh-hour legal maneuvers, and this Court should "take into consideration the State's strong interest in proceeding with its judgment and [an] obvious attempt at manipulation." *Gomez*, 503 U.S. at 654. *See also Evans,* 440 U.S. at 1484-85 ("To use the technique of a last-minute filing as a sort of insurance to get at least a temporary stay when an adequate application might have been presented earlier, is, in my opinion, a tactic unworthy of our profession.") (Rehnquist, Circuit Justice).

Plaintiff has offered no justification for bringing his claim at this late date. His request for injunctive relief should be denied.

## CONCLUSION

WHEREFORE, this Court should dismiss Count III of Plaintiff's Complaint.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter


*/s/ Scott C. Sutherland*
SCOTT C. SUTHERLAND
Deputy Attorney General
B.P.R. No. 29013
scott.sutherland@ag.tn.gov


*/s/ Rob Mitchell*
ROB MITCHELL
Assistant Attorney General
B.P.R. No. 32266
Law Enforcement and
Special Prosecutions Div.
P.O. Box 20207
Nashville, Tennessee 37202-0207
Off. (615) 532-7688
Fax (615) 532-3926
robert.mitchell@ag.tn.gov

## CERTIFICATE OF SERVICE

I certify that, on the 28th day of October 2018, a copy of the foregoing Statement was filed and served by operation of the Court's ECF/PACER system on the following counsel for the Plaintiff: Kelley J. Henry, Amy D. Harwell, Richard L. Tennent, Katherine Dix, and Jay O. Martin, III, Office of the Federal Public Defender, 810 Broadway, Suite 200, Nashville, TN 37203.

*/s/ Scott C. Sutherland*
SCOTT C. SUTHERLAND
Deputy Attorney General