IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EDMUND ZAGORSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | No.   3:18-cv-1205 |
| | ) | Judge Trauger |
| | ) | |
| BILL HASLAM, in his official capacities | ) | |
| as GOVERNOR; | ) | DEATH PENALTY CASE |
| | ) | |
| TONY PARKER, in his official capacities | ) | EXECUTION DATE 11/1/18 |
| as COMMISSIONER; and | ) | at 7:00 p.m. |
| | ) | |
| TONY MAYS, in his official capacities | ) | |
| as WARDEN, Riverbend Maximum | ) | |
| Security Prison. | ) | |

## MOTION TO COMPEL

Pursuant to Federal Rule of Civil Procedure 37(a)(1) Mr. Zagorski respectfully requests that the Court order Defendants, in accordance with the previous Order of this Court (D.E. 15), to answer his counsel regarding the logistics for phone access during his execution which is scheduled for 7:00 p.m tonight.

On October 28, 2018, Mr. Zagorski filed a motion for temporary restraining order and preliminary injunction in which, *inter alia*, he claimed a right to a telephone and second attorney at his execution. D.E. 9 at 32-37, PageID # 83-88. In his motion and subsequent Response to Defendants' Statement Regarding Count III (D.E. 11), Zagorski alleged that, given the known and serious risks of a botched electrocution, the statute which denies two attorneys to be present, so that one may leave to alert the court of a problem with the execution while the other remains to

advocate for the client with prison officials, is unconstitutional. D.E. 11, at 2 PageID# 576. Mr. Zagorski suggested, however, that the statute's unconstitutionality could be saved by permitting defense counsel to remain in the official witness room to continue to observe the execution while simultaneously establishing telephone access to the Court. But, he maintained, "[A]bsent this accommodation, the statute as applied is unconstitutional." D.E. 11, at 2 PageID # 576.

On October 29, 2018, this Court granted Mr. Zagorski relief on this issue and Ordered that defendants and anyone acting on their behalf were "enjoined from proceeding with the plaintiff's execution unless his attorney-witness is provided with immediate access to a telephone during the time preceding and during the execution." DE 15, at 9 PageID # 597. Defendants have not appealed and the Court's Order remains in effect.

Pursuant to the Court's Order, on October 29, 2018, counsel for Mr. Zagorski left phone messages for two of the attorneys for Defendants requesting to know the logistics of how they intended to comply with the Order. Counsel immediately followed up with emails to each of those attorneys. When those calls and emails went unreturned, on October 30, 2018, counsel for Mr. Zagorski again sent emails to each of the same two attorneys for Defendants. As of the filing of this motion, Defendants have not responded.

A party may move to compel discovery provided that he "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). In

2

ruling on a motion to compel, a court considers "the prior efforts of the parties to resolve the dispute, the relevance of the information sought, and the limits imposed by Rule 26(b)(2)(C)." *Barnes v. D.C.*, 289 F.R.D. 1, 5-6 (D.D.C. 2012) (citing *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 350-52 (1978)). Time is obviously of the essence for Defendants to comply with this Court's Order as the Defendants intend to execute Mr. Zagorski in a matter of hours. Counsel for Mr. Zagorski has made numerous reasonable efforts to have the Defendants inform her how they intend, logistically, to comply with the Court's Order and those requests have gone unanswered. Pursuant to Fed. R. Civ. P. 37(a)(1) and the authority outlined above, Mr. Zagorski respectfully requests the Court to compel Defendants to immediately inform his counsel how they intend to comply with the Court's previous Order that Zagorski's counsel be provided with immediate access to a telephone during the time preceding and during his execution.

Respectfully submitted,

OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE MIDDLE DISTRICT OF TENNESSEE

KELLEY J. HENRY, BPR#21113
Supervisory Asst. Federal Public Defender
AMY D. HARWELL, BPR#18691
Asst. Chief, Capital Habeas Unit
RICHARD TENNENT, BPR# 16931
KATHERINE DIX, BPR#022778
JAMES O. MARTIN, III BPR#18104
810 Broadway, Suite 200
Nashville, TN 37203
Phone: (615) 736-5047
Fax: (615) 736-5265

BY: */s/ Kelley J. Henry*
Counsel for Edmond Zagorski

## CERTIFICATE OF SERIVCE

I, Kelley J. Henry, hereby certify that a true and correct copy of the foregoing document was electronically filed and sent to the following via email on this the 31st day of October, 2018 to:

Andree Blumstein
Solicitor General

Jennifer Smith
Asst. Solicitor General
P.O. Box 20207
Nashville, TN 37202-0207

*/s/ Kelley J. Henry*
Kelley J. Henry
Supervisory Asst. Federal Public Defender

## CERTIFICATE OF GOOD FAITH

I, Kelley J. Henry, hereby certify pursuant to Federal Rule of Civil Procedure 37(a)(1) that, prior to filing the above motion to compel, I have as described in this motion, in good faith, attempted to confer with the Defendants in an effort to obtain the information sought without court action.

*/s/ Kelley J. Henry*
Kelley J. Henry
Supervisory Asst. Federal Public Defender