IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EDMUND ZAGORSKI, | ) | |
| Plaintiff, | ) ) ) | |
| v | ) ) | No. 3:18-cv-1205 Judge Trauger |
| BILL HASLAM, in his official capacities as GOVERNOR; | ) ) ) ) | DEATH PENALTY CASE |
| TONY PARKER, in his official capacities as COMMISSIONER; and | ) ) ) ) | EXECUTION DATE 11/1/18 at 7:00 p.m.[1] |
| TONY MAYS, in his official capacities as WARDEN, Riverbend Maximum Security Prison. | ) ) ) ) | |

Proposed Intervenors:

ABU-ALI ABDUR'RAHMAN,
LEROY HALL,
DON JOHNSON, and
CHARLES WALTON WRIGHT

## MOTION TO INTERVENE

Pursuant to Federal Rule of Civil Procedure 24, Abu-Ali Abdur'Rahman, Leroy Hall, Don Johnson, and Charles Walton Wright—Tennessee inmates facing imminent execution dates—move to intervene, as they have an interest in Count III of Mr. Zagorski's complaint. These four individuals are death-sentenced prisoners residing in this district at Riverbend Maximum Security Institution. On February 15, 2018, the State of Tennessee moved the Tennessee Supreme Court to set

---

[1] Mr. Zagorski has an execution date of November 1, 2018 at 7:00 p.m. The intervenors do not presently have dates scheduled.

expedited execution dates for these individuals. Attach. A. The State of Tennessee is likely to request that the Tennessee Supreme Court set execution dates for these individuals soon. Count III of Mr. Zagorski's complaint alleges that Tenn. Code Ann. § 40-23-116 unconstitutionally limits Mr. Zagorski's access to the courts during his execution by arbitrarily limiting him to a single attorney-witness without access to a telephone—in violation of the First, Eighth, and Fourteenth Amendments. Doc. No. 1 at 31.

The Court should allow intervention as of right under Rule 24(a)(2), as the Proposed Intervenors have an interest in the transactions that are the subject of Mr. Zagorski's action and are situated such that disposing of his action will impair or impede their ability to protect their interest. The State of Tennessee and these Defendants have shown that they will continue to not provide telephone access to inmates during an execution without an explicit order requiring them to do so. The State abided by this Court's order that it provide telephone access for attorney-witnesses in *Coe v. Bell*, 89 F. Supp. 2d 962, 966 (M.D. Tenn.), *vacated on other grounds*, 230 F.3d 1357 (6th Cir. 2000). But since the State killed Coe and the Sixth Circuit dismissed his case as moot, prison officials have been unwavering in their refusal to provide a telephone, even though the TDOC Commissioner himself has expressed no opposition to providing telephone access.

Even after this Court enjoined Defendants from executing Mr. Zagorski without providing his attorney-witness with immediate access to a telephone during his execution (Doc. No. 15 at 9), Defendants refused to respond to emails and

2

telephone calls from Mr. Zagorski's counsel inquiring about how they would provide the ordered telephone access. Counsel was required to file a motion to compel to obtain information about how Defendants would provide telephone access (Doc. No. 21) followed by an order of this court (Doc. No. 22) for Defendants to provide counsel with that information. As Defendants' repeated intransigence demonstrates, they do not want inmates' counsel to have access to a telephone during executions. Thus, as soon as the State kills Mr. Zagorski tonight, Defendants will take the position that this case is moot and should be dismissed, leaving the Proposed Intervenors without telephone access to the court during their executions.

Alternatively, the Court should allow permissive intervention under Rule 24(b)(1)(B) as the Proposed Intervenors share with the main action common questions of fact and law. Indeed, the Proposed Intervenors' access-to-courts claim is identical to Mr. Zagorski's. The facts relevant to consideration of the constitutionality of Defendants' restrictions on Mr. Zagorski's access to courts support this Court's conclusion that telephonic access to courts is constitutionally required during an execution, as to all inmates. *See generally* Complaint, Doc. No. 1 at 27-28. This Court's conclusion that denial of telephonic access is unconstitutional and the issuance of an injunction requiring Defendants to provide counsel with a telephone during Mr. Zagorski's execution (Doc. No. 15 at 9) should apply equally to the Proposed Intervenors. Thus, allowing intervention will save judicial resources.

Pursuant to Rule 24(c), the Proposed Intervenors have attached a complaint that sets out the claim for which intervention is sought—Count III of Mr. Zagorski's complaint. Attach. B.

The parties have been contacted about this motion. Defendants oppose the motion. Mr. Zagorski does not.

## Conclusion

For these reasons, the Proposed Intervenors respectfully request that the Court issue an order allowing them to intervene in this case.

    Respectfully submitted,

    OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE MIDDLE DISTRICT OF TENNESSEE

    KELLEY J. HENRY, BPR#21113
    Supervisory Asst. Federal Public Defender
    AMY D. HARWELL, BPR#18691
    Asst. Chief, Capital Habeas Unit
    RICHARD TENNENT, BPR# 16931
    KATHERINE DIX, BPR#022778
    JAMES O. MARTIN, III BPR#18104
    Assistant Federal Defenders
    810 Broadway, Suite 200
    Nashville, TN  37203
    Phone:  (615) 736-5047
    Fax:  (615) 736-5265

BY:    */s/ Kelley J. Henry*

    Counsel for Abu-Ali Abdur'Rahman, Don Johnson, and Charles Walton Wright

KATHLEEN MORRIS
LAW OFFICE OF KATHLEEN MORRIS
42 Rutledge Street
Nashville, TN 37210
Phone: (615) 242-3200
Fax: (615) 777-3206

BY: */s/ Kathleen Morris*

Counsel for Leroy Hall

## CERTIFICATE OF SERIVCE

I, Kelley J. Henry, hereby certify that a true and correct copy of the foregoing document was electronically filed and sent to the following via email on this the 1st day of November, 2018 to:

Andree Blumstein
Solicitor General

Jennifer Smith
Asst. Solicitor General
P.O. Box 20207
Nashville, TN 37202-0207

Dwight Tarwater
General Counsel
Governor's Office

Debra Inglis
Deputy Commissioner of Administration and General Counsel
Tennessee Department of Correction
6th Floor Rachel Jackson Building
320 6th Avenue North
Nashville, Tennessee 37203-3805

*/s/ Kelley J. Henry*
Kelley J. Henry
Supervisory Asst. Federal Public Defender

5